**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re:

KENNETH ARROYO DE ROSARIO          CHAPTER     7
                                                          CASE NO.     6:19-bk-00873-KSJ

Debtor.

_____/

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### FILED BY AMERICAN HONDA FINANCE CORPORATION
### REGARDING 2016 HONDA PIONEER 1000-5, VIN 1HFVE0427G4005305

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

      **Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

      **If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney at Evans Petree PC, 1715 Aaron Brenner Drive, Suite 800, Memphis, TN 38120 and any appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.**

      **If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

      COMES NOW, Creditor, American Honda Finance Corporation ("Honda Finance"), by its undersigned attorneys, hereby moves this Court for entry of a final order granting relief from stay as to property of the estate of the above-named Debtor, and in support thereof would show:

      1.      This is a Motion to obtain a final order granting relief from automatic stay under 11 U.S.C. §§ 361, 362 and 363.

      2.      The Debtor filed the instant Chapter 7 case on February 11, 2019.

3.      Honda Finance is a creditor of the Debtor by virtue of a Retail Installment Contract ("Contract") dated June 25, 2016, whereunder the Debtor purchased a 2016 Honda Pioneer 1000-5, VIN 1HFVE0427G4005305 ("Collateral"), and the Contract was assigned to Honda Finance for value and in good faith.  The Contract is attached hereto and incorporated herein.

4.      Said Contract grants Honda Finance a security interest in the Collateral, and the security interest is perfected by notation of Honda Finance's lien on the Certificate of Title.  The Vehicle Information Check from the Florida Department of Highway Safety and Motor Vehicles is attached hereto and incorporated herein.

5.      Debtor is in default under the terms of the Contract in the amount of $2,059.72 by failing to pay the November 15, 2018 payment and all subsequent due payments.

6.      Pursuant to 11 U.S.C. §§ 361 and 363, Honda Finance is entitled to adequate protection for its interests in the subject Collateral.

7.      The failure by Debtor to make timely payments has deprived Honda Finance of the adequate protection to which it is entitled with respect to the subject Collateral, which constitutes grounds for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1).

8.      The NADA wholesale value of the Collateral, assuming average mileage and good condition, is $11,430.00; however, the payoff amount is $17,422.70. A copy of the NADA report is attached hereto and incorporated herein.

9.      Pursuant to 11 U.S.C. § 362(d)(2), the automatic stay should be terminated as to Honda Finance, its Collateral and the proceeds thereof, as there is no equity in the Collateral and it is not necessary for the effective reorganization of Debtor.

10.      All conditions precedent to the relief demanded herein have been performed or have occurred.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Honda Finance prays that:

1.      The automatic stay be terminated as to Honda Finance, its Collateral and the proceeds thereof, so that Honda Finance may proceed with any and all remedies available under state and/or federal law that are not inconsistent with Title 11 of the United States Code effective immediately; and

2.     Honda Finance have such further and other relief to which it may be entitled in the premises.

/s/Bertis Echols
Bertis Echols, Esquire
Florida Bar Number 0063387
Attorneys for the Creditor American Honda Finance Corporation
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 525-6781
(901) 248-6854 (fax)
bechols@evanspetree.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing Motion for Relief from Stay, with supporting Exhibits, was furnished by electronic or First Class U.S. Mail postage prepaid to Debtor, Kenneth Arroyo De Rosario, 308 Anorak Street, Groveland, FL 34736; Attorney for Debtor, Frank E Blanco, 202 North Brumby Avenue, Orlando, FL 32835; Trustee, Richard B Webber, Post Office Box 3000, Orlando, FL 32802; U.S. Trustee -ORL 7/13, 400 West Washington Street, Suite 1100, Orlando, FL 32901, on this 19th day of February, 2019.

/s/Bertis Echols
Bertis Echols, Esquire
Florida Bar Number 0063387

HONDA DEAL# 1015090

**Financial**

**RETAIL INSTALLMENT CONTRACT**
**CONSUMER CREDIT DOCUMENT**
**FLORIDA**

Contract Date:    06/25/2016          Account Number:

| BUYER (called "YOU" or "YOUR" in this Contract) | | SELLER-CREDITOR (called "WE" or "US" in this Contract) |
|---|---|---|
| Name (Primary Buyer) | Month of Birth | Dealer # |
| ARROYO ROSARIO, KENNY | | 105742 |
| | | Name |
| Address | | CHAMPIONS LAKE |
| 11049 CHERRY LAKE RD | | Address |
| | | 15821 US HWY 441 |
| City          State          Zip Code | | City          State          Zip Code |
| CLERMONT      FL      34715 | | EUSTIS      FL      32726 |

THE VEHICLE/GOODS ARE:

| MODEL YEAR (If Applicable) | MAKE | MODEL | IDENTIFICATION NUMBER (Complete Serial or Motor No.) | TYPE OF PRODUCT | KEY CODE |
|---|---|---|---|---|---|
| 2016 | HONDA | GX810M5DG | 1HFVR04270M005305 | | N/A |

EQUIPMENT INCLUDED:    ☐ Fairing    ☐ Saddle Bag    ☐ Radio    ☐ Rack

EQUIPMENT NOT SPECIFIED ABOVE:
N/A
N/A
N/A

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE. The cost of your credit as a yearly rate. | FINANCE CHARGE. The dollar amount the credit will cost you. | Amount Financed. The amount of credit provided to you or on your behalf. | Total of Payments. The amount you will have paid after you have made all payments as scheduled. | Total Sale Price. The total cost of your purchase on credit, including your downpayment of $ 0.00 |
|---|---|---|---|---|
| 15.590 % | $ 8,951.80 | $ 20,069.00 | $ 29,020.80 | $ 29,020.80 |

YOUR PAYMENT SCHEDULE WILL BE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 60 | 483.68 | MONTHLY, BEGINNING 07/25/2016 |

LATE CHARGE: If a payment is more than 10 days late, you will be charged 5% of the unpaid portion of the payment.

PREPAYMENT: If you pay off early, you will not have to pay a penalty.

SECURITY: You are giving a Security Interest in the Vehicle/Goods being purchased.

NOTE: See the reverse side of this document for additional information about nonpayment, default, any repayment in full before the scheduled date and prepayment refunds.

INSURANCE AGAINST LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS TRANSACTION.

FOR THE PURCHASE OF A MOTOR VEHICLE, PHYSICAL DAMAGE INSURANCE ON THE VEHICLE IS REQUIRED TO OBTAIN CREDIT. BUYER MAY OBTAIN SUCH INSURANCE FROM ANYONE CHOSEN BY BUYER ACCEPTABLE TO SELLER.

### INSURANCE

Buyer voluntarily requests the credit insurance checked below, if any, and understands that such insurance is not required to obtain credit. Buyer acknowledges disclosure of the cost of such insurance and authorizes it to be included in the balance payable under this Contract.

| TYPE | PREMIUM | TERM |
|---|---|---|
| Credit Life | $    0.00 | N/A |
| Joint Life | $    0.00 | N/A |
| Credit Disability | $    0.00 | N/A |
| TOTAL PREMIUMS | $    0.00 | |

☐ Buyer wants Credit Life Insurance.

N/A                    N/A
Date                   Primary Buyer (Signature)

N/A                    N/A
Date                   Buyer (Signature)

☐ Buyer wants Credit Disability Insurance (Primary Buyer Only).

N/A                    N/A
Date                   Primary Buyer (Signature)

TOTAL INSURANCE PREMIUMS ARE DESCRIBED IN ITEM 4.

Florida documentary stamp tax required by law in the amount of $ 70.00 has been paid or will be paid directly to the Department of Revenue.

Certificate of Registration #                78-8000272175-3

SERVICE CONTRACT: An optional service contract promises to perform services or provide benefits relating to the maintenance or repair of the Vehicle/Goods. If Buyer has elected to purchase an optional service contract, the cost is shown in item 4C.

AGREEMENT: The undersigned Seller agrees to sell and the undersigned Buyer, jointly and severally if more than one, agrees to purchase the Vehicle/Goods described above and all equipment included, subject to the terms of this Contract.

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| 1. CASH PRICE | |
| A. Vehicle/Goods (including accessories, delivery, and installation charges) | $ 17,951.00 (1A) |
| B. Tire/Battery Disposal Fee | $    5.50 (1B) |
| C. Sales Tax | $    0.00 (1C) |
| D. Total Cash Sales Price (1A plus 1B plus 1C) | $ 17,956.50 (1D) |
| 2. DOWNPAYMENT | |
| A. Manufacturer's Rebate (if any) | $    0.00 (2A) |
| B. Cash Downpayment | $    0.00 (2B) |
| C. Total Cash Portion Of Downpayment (2A plus 2B) | $    0.00 (2C) |
| Trade-In Description/Allowance | |
| Description N/A  Make N/A | |
| Model N/A  VIN N/A | |
| D. Trade-In Allowance | $    0.00 (2D) |
| E. Amount Owed on Trade-In | |
| Owed to | $    0.00 (2E) |
| F. Net Trade-In (2D minus 2E) (Disclose as zero if negative) | $    0.00 (2F) |
| G. Amount to Finance (if 2D minus 2E is negative, see 4K below. Amount not included in #3) | $    0.00 (2G) |
| H. Total Downpayment (2C plus 2F) | $    0.00 (2H) |
| 3. TOTAL, UNPAID CASH BALANCE (1D minus 2H) | $ 17,956.50 (3) |
| 4. AMOUNTS PAID TO OTHERS ON YOUR BEHALF | |
| Insurance/Service Agreement | |
| A. Credit Life Premium** | $    0.00 (4A) |
| B. Credit Disability Premium** | $    0.00 (4B) |
| C. Extended Service Contract** To | $    0.00 (4C) |
| D. Other*: MAINTENANCE | $ 1,999.00 (4D) |
| Official Fees | |
| E. Registration Fee | $   43.50 (4E) |
| F. Title/Lien Fees | $    0.00 (4F) |
| G. Motor Vehicle Warranty Trust Fund | $    0.00 (4G) |
| H. Documentation Stamp Fee | $   70.00 (4H) |
| I. Other Official Fees | $    0.00 (4I) |
| J. Other Official Fees | $    0.00 (4J) |
| Other Charges | |
| K. Outstanding Balance on Trade-In Paid to: (see 2G above) | $    0.00 (4K) |
| L. Pre-Delivery Services | $    0.00 (4L) |
| M. To*: GAP INSURANCE  for  GAP | $    0.00 (4M) |
| N. To*: N/A | $    0.00 (4N) |
| O. Total Amounts Paid On Your Behalf (4A through 4N) | $ 2,112.50 (4O) |
| 5. AMOUNT FINANCED (3 plus 4O) | $ 20,069.00 (5) |

*Seller may be retaining a portion of these amounts.
**This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale.

PROMISE TO PAY: Buyer promises to pay to Seller, at the above address, or other address that may be specified, the Amount Financed shown above, plus finance charges at the Annual Percentage Rate shown above computed on the unpaid balance outstanding from time to time, plus any applicable delinquency, dishonored payment and other charges provided in this Contract or otherwise provided by law. Monthly payments are due in the amount and at the times shown above; the final payment will be adjusted to reflect additional or lesser amounts due on the final payment date. The actual amount of the final payment will depend upon whether Buyer makes payments on time. Early payments will have the effect of reducing the final payment, while late payments will cause it to be higher.

ASSIGNMENT: Buyer agrees that this Contract may be assigned by the Seller. Buyer agrees that if this Contract is assigned by the Seller, the Assignee shall have all rights of the Seller under this Contract.

THE ANNUAL PERCENTAGE RATE MAY BE NEGOTIATED WITH THE SELLER. THE SELLER MAY ASSIGN THIS CONTRACT AND RETAIN ITS RIGHT TO RECEIVE A PART OF THE FINANCE CHARGE.

BODILY INJURY OR PROPERTY DAMAGE LIABILITY IS NOT INCLUDED.

THERE ARE OTHER TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF WHICH ARE INCORPORATED HEREIN AND BINDING UPON YOU.

NOTICE TO THE BUYER
A. DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES.
B. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS.

BUYER: By your signature, you acknowledge that you have read and understand both sides of this Contract, which was completely filled in prior to your execution hereof, and have received a fully executed copy thereof. You also acknowledge receipt of the Vehicle/Goods described above in good condition.

CO-SIGNER: By my signature, I acknowledge that I have read and understand both sides of this Contract. I agree to pay the debt in this Contract although I may not personally receive any property and I understand that Seller might demand payment from me before Seller demands payment from any other person or before Seller repossesses the Vehicle/Goods. I understand that Seller may sue me for payment although the Buyer hereunder is able to pay.

Buyer's Signature _____ Date 06/25/2016

Buyer's Signature _____ Date _____

Co-Signer's Signature _____ Date _____

Co-Signer's Signature _____ Date _____

SELLER-CREDITOR
Dealer's Signature _____ Date 06/25/2016

Title _____

Name CHAMPIONS LAKE (Please Print)

Address 15821 US HWY 441

City/State EUSTIS  FL      Zip Code 32726

HONDA FINANCIAL SERVICES          (For MC, ATV, Scooter and PE)

ORIGINAL - white    HFS DUPLICATE - green    BUYER'S COPY - yellow    BUYER'S DUPLICATE - pink    DEALER COPY - gold

HF 700FL 1/15

**ADDITIONAL TERMS**

**Prepayment**
Buyer has the right to pay this Contract at any time without penalty. Seller may impose an acquisition charge of $15.00.

**Security Interest**
Buyer gives to Seller a Security Interest in the Vehicle/Goods, and in all insurance premiums financed by Seller or rebates from insurance premiums, in service contract premiums, in the proceeds of any insurance policies covering the Vehicle/Goods or credit life or disability insurance policies financed hereunder, which Security relates to payment and performance of all obligations of Buyer under this Contract.

**Late Charge/Returned Payment Charge**
If a payment is more than 10 days late, Buyer will be charged 5% of the unpaid portion of the payment.
Buyer will pay an administrative charge of $25.00 for any payment tendered that is dishonored for any reason by a depository institution.

**Insurance**
Buyer agrees to keep the Vehicle/Goods in good condition and, as to any motor vehicle, fully insured against loss, theft or damage with Seller named as loss payee.

If Buyer fails to maintain adequate insurance on the Vehicle, Seller may (but is not required to) purchase such insurance to protect Seller's interest in the Vehicle. Buyer understands and agrees that any insurance Seller purchases may be for the protection of only Seller's interest in the Vehicle, and that the insurance premiums may be higher if Seller must purchase insurance than if Buyer had purchased the insurance. Buyer will pay the cost of such insurance on demand, with finance charges at the rate stated in this Contract, and that amount shall become part of the debt secured by this Contract.

**Buyer's Representations**
Buyer agrees to pay all amounts owing under this Contract even if the Vehicle/Goods are damaged, destroyed or missing. Buyer agrees to keep the Vehicle/Goods in good condition and will not make any alterations to the Vehicle/Goods without Seller's written consent. Buyer agrees to keep the Vehicle/Goods from the state where Buyer lives for more than 30 days without Seller's written consent, and will notify Seller immediately of any change in Buyer's address. Buyer will not rent, lease or otherwise give any interest in the Vehicle/Goods, and will not assign Buyer's rights or obligations under this Contract. Buyer will not expose the Vehicle/Goods to misuse, seizure, or confiscation, or other involuntary transfer, even if the Vehicle/Goods were not the subject of judicial or administrative action. If Seller pays any repair bills, storage bills, taxes, fines, tickets or other charges on the Vehicle/Goods, Buyer agrees to repay the amount to Seller immediately upon demand.

**Buyer's Representations**
Buyer promises that Buyer has given true and correct information in the application for credit, and has no knowledge that would make that information untrue in the future. Buyer has relied on the truth and accuracy of that information in entering into this Contract. Buyer promises that Buyer has given a true payoff amount on any Vehicle/Goods traded in. If that payoff is more than the amount shown in the Itemization of Amount Financed on the front of this Contract, Buyer will pay Seller the excess amount upon demand.

**Rejection or Revocation**
If this Contract is for the purchase of a Vehicle and Buyer rejects or revokes acceptance of the Vehicle and asserts a security interest in the Vehicle based on the grounds of rightful rejection or justifiable revocation, Buyer must either (i) post a bond in favor of Seller in the amount of the disputed balance; or (ii) deposit all accrued installment payments, together with thereafter accruing installment payments as they come due, into the registry of a court of competent jurisdiction.

**Default**
Buyer will be in default if:
(1)    Buyer fails to make any payment when due; or
(2)    Buyer gave false or misleading information on Buyer's application relating to this Contract; or
(3)    The Vehicle/Goods are seized by any local, state, or federal authority and are not promptly and unconditionally returned to Buyer; or
(4)    A bankruptcy petition is filed by or against Buyer or any guarantor; or
(5)    Buyer or any guarantor dies or becomes incompetent; or
(6)    Buyer fails to keep any other agreement in this Contract.

If Buyer is in Default, Seller will have all the rights and remedies of a secured party under the Uniform Commercial Code, and any other applicable laws. Among other things, Seller may require Buyer to pay at once all amounts due under this Contract. Seller may also repossess the Vehicle/Goods. Buyer, at Seller's request, will assemble the collateral and make it available to Seller.

**Repossession**
Buyer hereby irrevocably consents to any act, not prohibited by law, by the Seller or its Agents in entering upon any premises for the purpose of either (1) inspecting the Vehicle/Goods or (2) taking possession of the Vehicle/Goods after an event of default, without notice or demand or legal process.

Buyer agrees that in the event the Seller takes possession of the Vehicle/Goods in accordance with this Contract, Seller may store personal property found in the Vehicle/Goods at Buyer's expense. If the Buyer does not claim the property within 10 days of repossession Seller may, as permitted by applicable law, dispose of the property in any manner Seller deems appropriate without liability to Buyer.

**Sale of Repossessed Vehicle/Goods**
If Seller repossesses the Vehicle/Goods, Seller can sell it and apply the money received to what Buyer owes. The sale will be governed by the Uniform Commercial Code and other applicable laws. If Seller repossesses the Vehicle/Goods and the unpaid balance under this Contract at the time of default is $2,000.00 or more, Buyer will be liable for any deficiency resulting as a result of the sale or other disposition of the Vehicle/Goods and Seller has the right to a deficiency judgment.

**Legal Fees and Other Expenses**
Buyer will pay Seller for reasonable legal fees and expenses incurred to collect the amount Buyer owes. If Seller uses an attorney who is not a salaried employee of Seller to collect what Buyer owes or to otherwise enforce this Contract, or if Seller refers collection to an attorney not a salaried employee of the holder of this Contract. Such fees and expenses may be added to the balance owing on this Contract, together with finance charges at the rate applicable hereunder, from the date incurred.

**Seller's Rights**
If Buyer fails to make any payments to others as required herein or fails to perform any of Buyer's obligations hereunder, Seller may make such payment or take such action as may be necessary for Buyer's behalf and add this cost to Buyer's account which will bear finance charges at the applicable rate hereunder from the date incurred.

Seller may delay enforcing any of Seller's rights under this Contract without losing them. Seller may apply any amount Seller receives from Buyer first to Seller's accrued charges. Seller may also give up any of Seller's rights under this Contract without affecting any other right.

**General Provisions**
(1)    Power of Attorney. Buyer appoints Seller as Buyer's attorney-in-fact to execute any document and any other statements in Buyer's name and to perform all other acts which are deemed appropriate to perfect or to continue perfection of the security interest.
(2)    Definitions. In this Contract, the term "Buyer" includes each of the "Buyers" as well as all of them. The term "Seller" means the creditor identified on the front of this Contract, and the Assignee or any other holder of this Contract if Seller assigns this Contract.
(3)    Insurance Provisions. Buyer authorizes Seller to collect any refund of insurance premiums and apply it against the Buyer's indebtedness under this Contract. Further, Buyer agrees that, if the Vehicle/Goods are lost or damaged, the Seller may use any insurance settlement to reduce what Buyer owes or to repair the Vehicle/Goods. If the Vehicle/Goods are repossessed, Buyer agrees that the Seller may claim benefits under any optional insurance or service contracts financed under this Contract, and may terminate any such contracts to obtain refunds for unearned charges.
(4)    Severability. If any provision of this Contract should be invalid, illegal or unenforceable in any respect, the validity, legality and enforcement of the remaining provisions shall not in any way be affected or impaired.
(5)    Integration. All of the agreements between the Buyer and Seller are set forth in this Contract and no modification of this Contract shall be valid unless it is made in writing and signed by the Buyer and Seller.
(6)    Applicable Law. Questions about this Contract will be settled by Florida law except as modified by federal law and regulations.

**Notice**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**Seller's Assignment**
Seller hereby sells, assigns and transfers to the Assignee named below, its entire right, title and interest in this Contract, any security therefore, and any guarantee, subject to the endorsement below and subject to any written agreement that is in effect between the Seller and Assignee.

Seller represents and warrants as follows:

1.   This Contract is and will remain genuine, legally valid and enforceable.

2.   The subject Vehicle/Goods have been delivered to the Buyer who has purchased same for his own use and benefit unless otherwise stated.

3.   All statements made to the Assignee in connection with the Contract concerning the cash sale price, downpayment and trade-in are true.

4.   We have complied in good faith with all disclosure requirements and provisions of state and Federal laws applicable to this Contract.

5.   This written Contract is the entire agreement between Seller and Buyer.

All warranties are made to induce the Assignee to purchase this Contract. If there is a breach of any of the warranties or if Buyer asserts any defenses under this Contract, Seller will, on demand, repurchase this Contract for the balance then remaining unpaid plus all losses and expenses paid or incurred by Assignee in connection with this Contract. Seller waives all demands and notices of default and consents that, without notice to Seller, Assignee may extend time to or compromise or release, by operation of law or otherwise, any right against the Buyer or any other obligor.

The Assignee is American Honda Finance Corporation ("AHFC"), doing business as Honda Financial Services ("HFS").

**Seller's Endorsement**
The above assignment by Seller is made upon the endorsement and agreement indicated below:

☐ (INITIAL)    With Full Recourse and Unconditional Guarantee.

Seller guarantees payment of the unpaid balance on the said Contract as and when the same shall become due.

☐ (INITIAL)    Full Repurchase.

If HFS repossesses the Vehicle/Goods, Seller will, upon HFS' demand, pay HFS the then unpaid balance, provided the Vehicle/Goods are offered to us within ninety (90) days after maturity of the earliest installment still wholly in default.

☐ (INITIAL)    Without Recourse.

☐ (INITIAL)    Limited Repurchase.

If Buyer fails to pay _____ installments, undersigned will repurchase the Vehicle/Goods upon repossession and will pay therefore the unpaid portion of the Total Balance.

☐ (INITIAL)    Partial Guarantee.

Undersigned, upon default of this Contract, will pay HFS on demand $ _____

Date of Assignment:  06-25-16

Seller's Name:  _Can Hu_

Title:  _office mg_

Seller's Signature:  _____
(Partner, Officer, or other Authorized Individual)

**Guarantee**
The undersigned jointly and severally guarantee the payment, when due, to any holder hereof of all amounts from time to time owing on the Contract. The undersigned waive notice of acceptance of this guarantee, of any extensions in time of payment, of the sale of any Vehicle/Goods and of all other notices to which the undersigned would be otherwise entitled by law and agree to pay all amounts owing hereunder upon demand, without requiring any prior action or proceedings against Buyers.

Guarantor: _____

Guarantor: _____

# Vehicle Information Check

| Vehicle Information: | | | |
|---|---|---|---|
| **Vehicle Identification Number:** | 1HFVE0427G4005305 | **Year/Make:** | 2016 AMERICAN HONDA MOTOR CO, INC |
| **Previous Title State:** | | **Registration Expiration Date:** | |
| **Title:** | 123814948 | **Title Issue Date:** | 7/11/2016 |
| **Title Status:** | ACTIVE | **Title Print Date:** | 7/14/2016 |
| **Odometer Reading/Status:** | | **Odometer Date:** | |
| **Color:** | | **Vehicle Type:** | OFF-HIGHWAY |
| | | **Owner Information:** | 1 owner |
| Electronic Title with Electronic Lien | | **Salvage:** | |
| **Brands:** | | | |

| Lien Information | | | |
|---|---|---|---|
| **Name** | **Address** | **Date** | **Receipt Date** |
| AMERICAN HONDA FINANCE CORPORATION | PO BOX 997506 SACRAMENTO, CA 95899- 7506 | 6/25/2016 | 7/11/2016 |

**If any of the information on this record needs to be corrected**, please contact your tax collector and complete appropriate paperwork to update the record.

**If you have lost or misplaced your title** and need to apply for a duplicate, click here for the form and instructions.

# 2016 Honda SXS10M5DG Pioneer 5 Deluxe

| | |
|---|---|
| **Vehicle Type** | Utility Vehicles |
| **Manufacturer** | Honda |
| **Year** | 2016 |
| **Type** | Sport Side by Side |
| **Model** | SXS10M5DG Pioneer 5 Deluxe |
| **Piston Displacement (CCs)** | 999 |
| **Stroke** | 4 |
| **Cylinders** | 2 |
| **Speeds** | Automatic |
| **Manufacturer's Reported Weight** | 1709 lbs |



| | Suggested List | Rough Trade-In/Wholesale | Clean Trade-In/Wholesale | Average Retail |
|---|---|---|---|---|
| **BASE PRICE** | $17,199 | $9,775 | $11,430 | $14,245 |
| **TOTAL PRICE** | $17,199 | $9,775 | $11,430 | $14,245 |

## Vehicle Notes

No notes available

## Value Explanations

The values listed are a guide for appraisal purposes only. The values are a reflection of the unit's respective popularity. It may be necessary to adjust listed values to meet market conditions of your area. Used units in above average condition could be worth more than average retail value.

**Suggested List**
The manufacturer's (distributor's) highest suggested list price in the U.S.A. when the unit was new. Unless indicated, the suggested list price does not include destination charges, dealer set-up, state or local taxes, license, tags or insurance.

**Rough Trade-In/Wholesale**
This figure reflects the wholesale value of a used unit in need of repairs and refurbishing.

**Clean Trade-In/Wholesale**
This figure reflects the clean wholesale value of a clean used unit "ready for resale".

**Average Retail**
**(High Book)** This figure reflects the average retail value of a used unit "ready for resale". Units in excellent or prime condition may increase value 10% - 15%.